IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE JOHN COPPER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 17-753 ) |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he has been disabled since January 1, 2010.[2] (ECF No. 6-7, pp. 2, 4). Administrative Law Judge ("ALJ"), Douglas Cohen, held a hearing on May 26, 2016. (ECF No. 6-3). On August 10, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 21-37).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] Plaintiff had filed prior disability applications, the last of which was denied on May 10, 2013. (ECF No. 6-2, p. 21). The ALJ found no reason to reopen the prior applications. *Id.* Therefore, the relevant period at issue was May 11, 2013 through August 10, 2016, the date of the ALJ's decision. *Id.* Plaintiff does not dispute this. *See*, ECF No. 9.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Whether the ALJ's Opinion is Supported by Substantial Evidence

Plaintiff argues that the ALJ's residual functional capacity ("RFC")[3] is not supported by substantial evidence. (ECF No. 9, pp. 16-20). Specifically, Plaintiff suggest that the ALJ erred in finding that Plaintiff can work on a "regular and continuing basis" (*i.e.* 8 hours a day for 5 days a week). *Id.* To that end, Plaintiff first contends that the ALJ mischaracterized the records from Mr. Shaffer, a vocational rehabilitation counselor: "[T]he ALJ stated that when the Plaintiff was 'evaluated for vocational rehabilitation support services, Mr. Shaffer, while noting he had

---

[3] RFC refers to the most a claimant can still do in a work setting on a regular and continuing basis despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform medium work with certain exceptions. (ECF No. 6-2, pp. 28-29).

3

limitations in interacting with others, did not suggest the claimant would be precluded from all work." (ECF No. 9, p. 17).  Plaintiff submits that "OVR's records do not reflect at any time an opinion by Mr. Shaffer that the Plaintiff can work on a full-time basis." *Id.* After a review of the records, I find this is not an accurate statement of the ALJ's opinion.  As Plaintiff's brief itself demonstrates, the ALJ did not state that Mr. Shafer said Plaintiff could work on a full-time basis. Rather, the ALJ stated:

> As of 2016, Mr. Shafer, a vocational rehabilitation counselor, noted the claimant should look for a job with limited contact with people, but he otherwise felt he had a job the claimant could perform without job counseling supports.  Indeed, the claimant testified that he has been working at Home Depot, and while found the interactions with customers, while loading their cars, was a stressor for him, he continues to perform this work.  The issues on interacting with others suggested by Mr. Shafter and as the claimant testified, are fully accommodated by restricting him to work that does not involve close interaction with others. However, a more restrictive finding is not supported considering Mr. Shafer did not preclude the claimant from all employment because of this issue and as the claimant generally presented as alert, oriented, and cooperative during treatment, with no significant limitations in this thought processes, attention or concentration because of such issues, and no less than fair insight, judgment, and impulse control.
>
> . . .
>
> Also, Mr. Shafer's recent vocational assessment is not inconsistent with this finding.  For these reasons, the opinion by Dr. Osterich and that of Mr. Shafer are given great weight, and are found much more persuasive that Dr. Pacella's unsupported opinion.
>
> . . .
>
> Mr. Shafer, while noting he had limitations in interacting with others, did not suggest that claimant would be precluded from all work….

(ECF No. 6-2, pp. 33-35).   Furthermore, I find that the ALJ's characterization of Mr. Shafer's records is supported by substantial evidence.  (ECF No. 6-2, pp. 21-37).[4]  Consequently, I find no merit to this argument.

Plaintiff next suggests that the ALJ erred in failing to consider the issue of attendance. (ECF No. 9, p. 18).   Due to his hospitalizations, Plaintiff submits that "the ALJ did not specifically

---

[4] In support of his position, Plaintiff tries to draw different inferences from Mr. Shafer's report.  (ECF No. 9, pp. 17-18).  To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

address the impact of the Plaintiff's ability to maintain attendance" consistently. (ECF No. 9, p. 19). After a review of ther record, I disagree. The ALJ discussed in detail and at length Plaintiff's hospitalizations. (ECF No. 6-2, pp. 21-37). He determined that they were acute and of short duration resulting from situational and familiar stressors. (ECF No. 6-2, pp. 25-35). The ALJ further properly explained that the longitudinal records, both medical and otherwise, more accurately reflected Plaintiff's functional abilities. *Id.* I find there is substantial evidence to support this determination. (ECF No. 6-2, pp. 21-37).

Additionally, an ALJ is required to accept only that testimony from the vocational expert ("VE") which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 8-2, pp. 78-89; 121-128). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.[5]

An appropriate order shall follow.

---

[5] In a footnote, Plaintiff suggests that it was inappropriate for the ALJ to rely on a statement that he could return to work from the psychiatrist who released the Plaintiff from the hospital and not by his treating physician. (ECF No. 9, p. 20, n. 7). While it is true that an attending physician from the hospital wrote a prescription that cleared Plaintiff to return to work without restrictions, a review of the records reveals, however, that the permission to return to work referred to by the ALJ was given by Plaintiff's treating physician, Dr. Gheorghiu. (ECF No. 6-2, pp. 30, 33; No. 6-39, pp. 30, 41). "The claimant did require hospitalization in May 2016 for self-harming, but **his treating physician** filled out a form on the claimant's behalf suggesting it was only a 'brief depression state' and that he was cleared to return to work without restrictions." (ECF No. 6-2, p. 33). Consequently, I find no merit to this argument.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THEODORE JOHN COPPER,)
)
    Plaintiff,)
)
-vs-) Civil Action No. 17-753
)
)
NANCY A. BERRYHILL,[6])
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

          BY THE COURT:

          s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.